Filed 10/3/23  In re Desiree O. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Desiree O. et al., Persons Coming Under the Juvenile Court Law. | B319202 (Los Angeles County Super. Ct. No. 21CCJP05423A-F) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ELIZABETH A. et al.,<br><br>        Defendants and Appellants. | |

        APPEALS from findings of the Superior Court of Los Angeles County.  Rudolph A. Diaz, Judge.  Dismissed.

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant Elizabeth A.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant Daniel G.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

———————————————

Appellants Elizabeth A. (mother) and Daniel G. (father) appeal from the juvenile court's jurisdictional findings regarding their two shared children, Daniel G. ,Jr., (Daniel Jr., born Apr. 2016) and Destiny G. (Destiny, born Jan. 2019); mother also challenges the jurisdictional findings made as to her four older children, Desiree O. (born Dec. 2007), Andrew O. (born Jan. 2009), Dre.O. (born Feb. 2012), and Michael O. (born Sept. 2013).[1] Five months after the parents filed this appeal, the juvenile court terminated jurisdiction and returned the children to parental custody. Accordingly, we dismiss mother and father's appeals as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

As of October 2021, mother and father were separated. All six children resided with mother. A family law order allowed father unmonitored weekend visitation with Daniel Jr. and Destiny.

In June 2021, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging that when father went to mother's home to pick up Daniel Jr. and Destiny for a routine visit, he raped mother. Four months later,

———————————————

[1] The older children's father is not a party to this appeal.

2

DCFS received a second referral alleging that father had violently argued with mother in front of the children. On one occasion, father tried to prevent mother from leaving in the middle of a fight by purposefully driving his car into her car, while two-year-old Destiny was in the backseat.

In November 2021, DCFS filed a petition under section 300 of the Welfare and Institutions Code[2] alleging, among other things, that father's "violent conduct . . . endangers the children's physical health and safety" and that mother "failed to protect the children by allowing . . . father to reside in the [family] home and have unlimited access to the children."

In March 2022, the juvenile court sustained the allegations against father. After determining that mother was a nonoffending parent, the juvenile court struck the failure to protect allegation from the petition, which was amended by interlineation. The children were returned to parental custody.

Mother and father timely appealed.

In August 2022, the juvenile court terminated jurisdiction over all six children. It returned the four older children to mother's sole legal and physical custody, and returned mother and father's two shared children to their joint custody pursuant to the prior family law order.[3]

## DISCUSSION

DCFS asks us to dismiss the parents' appeals as moot. After considering all parties' briefs, we grant the motion to dismiss.

---

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3]     We previously granted mother's request to take judicial notice of these exit orders.

"As a general rule, appellate courts decide only actual controversies. Thus, 'it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' [Citation.]" (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158.)

"A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C. (*2009) 172 Cal.App.4th 1481, 1488; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

The juvenile court's order terminating jurisdiction withdrew DCFS's supervision of the family and any further court involvement and returned all children to parental custody, with mother having sole custody of her four older children and father and mother retaining joint legal and physical custody of their two shared children. Because there is no further relief we could grant mother or father in this appeal from the juvenile court's jurisdictional findings, the appeal is moot and subject to dismissal.

Mother and father raise two counterarguments against dismissal. <u>First</u>, both parents argue that the appeal is not moot. Father argues that the appeal is not moot because the "adverse [jurisdictional] findings and orders" will subject him to "intense prejudice in any subsequent family law or dependency proceedings, and pretty much throughout the rest of his life in general." Father's argument is misguided; as our Supreme Court

4

recently noted, "speculative future harm" is not "sufficient to avoid mootness." (*In re D.P., supra,* 14 Cal.5th at p. 278.)

Mother argues that the appeal is not moot because this court can grant her effective relief by correcting a prejudicial error in the record. She contends that, despite the juvenile court's finding that she was a nonoffending parent, the sustained petition still contains language "stigmatizing" mother as a participant in fights with father. We disagree. The juvenile court struck from the petition all language accusing mother of failing to protect the children from father's violent conduct. All that remains is the factual statement that father and mother "have a history of engaging in violent physical and verbal altercations[.]" This statement, without more, does not indicate that mother was the aggressor in these fights, much less that she was an offending parent. Accordingly, there is no error for us to correct; mother's appeal remains moot.

Second, mother and father urge us to exercise our discretion to hear their appeal if we conclude that it is moot. We recognize that, "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.]" (*In re D.P., supra,* 14 Cal.5th at p. 282.) In determining whether to exercise that discretion, we may consider, among other things, "whether the challenged jurisdictional finding "'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or "'could have other consequences for [the appellant], beyond jurisdiction[,]""" as well as "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct[.]" (*Id.* at pp. 285–286.)

Both parents argue that the adverse jurisdictional findings could be used against them in future dependency proceedings; father also argues that the findings could subject him to

5

registration in the Child Abuse Central Index (CACI) pursuant to the Child Abuse and Neglect and Reporting Act (CANRA) (Pen. Code, § 11164 et seq.), which would "negatively impact father's ability to participate in his children's extracurricular school activities or athletic endeavors, and . . . father's employment and opportunities."

These arguments are flawed for a number of reasons. Mother ignores that there were no adverse jurisdictional findings against her; the juvenile court found that she was a nonoffending parent, and the children were kept in her home for the duration of these proceedings. Mother does not explain how this record could be used against her going forward.

While adverse jurisdictional findings were made against father, his arguments are similarly flawed. The possible future consequences father identifies in connection with the CACI and future family law proceedings are highly speculative and generic. Nothing in the record suggests that father has been or will be included in the CACI. And father's argument that he is subject to CACI registration is sparse and unpersuasive; father does not even argue that the conduct underlying the challenged allegations would be reportable under the CANRA. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'We are not bound to develop appellants' arguments for them. . . .'"])

As to the potential for consequences in possible future dependency proceedings, we note that father's children were returned to his custody just six months after the juvenile court made the challenged jurisdictional findings. The quick and positive resolution of this case mitigates the potential negative consequences of the initial jurisdictional findings made against father.

Lastly, both parents argue that the jurisdictional findings made against them are so pernicious and stigmatizing as to merit discretionary review. Again, mother ignores that there were no adverse jurisdictional findings made against her. As to father, while we agree that the jurisdictional finding arising from his rape of mother is rooted in "particularly pernicious or stigmatizing conduct" (*In re D.P.*, *supra*, 14 Cal.5th at p. 285), father does not challenge the most heinous aspect of that finding on appeal. Rather, father concedes that he "must accept the juvenile court's true finding that the sexual assault happened[,]" arguing only that the rape did not endanger the children sufficiently to warrant jurisdiction. Accordingly, even if we reached the merits of father's appeal, we could not strike from the record the juvenile court's determination that father raped mother in the family home; this stigmatizing finding will remain in the record, and thus will follow father in future proceedings, regardless of whether we exercise our discretion to hear this moot appeal.

**DISPOSITION**

The appeals are dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ